IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KEITH RUSSELL JUDD, | MEMORANDUM DECISION AND ORDER |
| Plaintiff, | |
| vs. | Case No. 2:13-CV-273-RJS |
| UTAH OFFICE OF LIEUTENANT GOVERNOR et al., | District Judge Robert J. Shelby |
| Defendants. | |

Plaintiff, Keith Russell Judd, a federal inmate housed in Texas, filed a civil rights complaint against defendants located in Utah and several defendants outside of Utah. As discussed below, the Court concludes that Judd must pay the filing fee before this case can proceed.

The *in forma pauperis* statute allows an indigent prisoner to file a complaint in federal court without prepaying the filing fee.[1] But, it also restricts those who have repeatedly filed complaints that are frivolous or fail to state a valid claim. In relevant part, the statute provides:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[2]

"These fee provisions are intended 'to reduce frivolous prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees.'"[3]

---

[1] 28 U.S.C.S. § 1915(a) (2013).

[2] *Id.* § 1915 (g).

[3] *Cosby v. Meadors*, 351 F.3d 1324, 1327 (10th Cir. 2003) (quoting *In re Smith*, 114 F.3d 1247, 1249 (D.C.Cir. 1997)).

The Court is aware that Judd has filed numerous complaints in the United States courts that were dismissed as frivolous or failing to state a claim upon which relief may be granted.[4] As observed by the Tenth Circuit, "a federal court may take notice of proceedings in other federal courts when those proceedings are relevant to matters at issue."[5]

Section 1915(g) applies here because (1) Judd was a prisoner when he filed this complaint; and (2) he has filed three or more prior cases in federal court that have been dismissed as failing to state a claim or frivolous. The language of § 1915(g) is mandatory. Thus, a federal prisoner who falls within the three-strikes provision is required to prepay the entire filing fee before his claims may proceed further.

## ORDER

Judd is not eligible to proceed without prepaying the filing fee in this case because he has filed three or more cases in federal court which have been dismissed as failing to state a claim or frivolous. Therefore, Judd is **DENIED** leave to proceed without prepayment of fees. He is **ORDERED** to pay the entire $350 statutory filing fee within thirty days from the date of this order. Failure to do so will result in the dismissal of his complaint.

24 April, 2013.

BY THE COURT:

ROBERT J. SHELBY
United States District Judge

---

[4] See Judd v. Obama, Civ. No. 5:13-CV-40 (N. Dist. W.Va. Apr. 1, 2013) (report & recommendation).

[5] See White v. Colorado, 157 F.3d 1226, 1232 (10th Cir. 1998) (citing St. Louis Baptist Temple, Inc. v. FDIC, 605 F.2d 1169, 1172 (10th Cir. 1979)).